**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

SAMARI WILLIS,
ADC #140707                                                                           PLAINTIFF

V.                                    5:11-cv-00210-SWW-JTK

JOHNNIE HARRIS, et al.                                                          DEFENDANTS

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

    The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

    If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

## I.      **Introduction**

Plaintiff Willis, a state inmate confined at the Maximum Security Unit of the Arkansas

Department of Correction (ADC), has been granted in forma pauperis status to proceed in this action

filed pursuant to 42 U.S.C § 1983.

In his Complaint, Plaintiff complains that Defendants charged him with and convicted him

of disciplinary violations without evidence in support, and in violation of ADC policies. Plaintiff

states in a grievance attached to his Complaint that this conviction placed him in jeopardy of having

more time added to his sentence, and asks for monetary relief from the Defendants.

## II.     **Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C.  §

1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992). But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's recent opinion in Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a Complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 1950, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly at 557.

## III.    Analysis

The Court finds that this case falls within the context of Edwards v. Balisok, 520 U.S. 641 (1997), and Heck v. Humphrey, 512 U.S. 477 (1994).  In Balisok, the Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted

in his loss of good time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings. Id., 520 U.S. at 645. The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time. In the earlier case of Heck v. Humphrey, the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996).

In this particular case, Plaintiff is challenging both the disciplinary procedures and the results. He specifically alleges that his constitutional rights were violated because the disciplinary charge referenced an incorrect ADC number, which also violated an ADC policy. Furthermore, he alleges that no evidence existed upon which to base the charges, and claims that the resultant punishment operated to possibly extend his length of sentence. The Court finds a challenge to both the results and procedures used in the disciplinary hearings would necessarily imply the invalidity of the those violations and resultant punishments. In addition, an allegation that Defendants violated ADC policies and procedures does not support a Constitutional claim. See Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1993).

**IV. Conclusion**

IT IS, THEREFORE, RECOMMENDED that

1.      Plaintiff's Complaint against Defendants be DISMISSED without prejudice to Plaintiff's right to reassert his claim should his disciplinary be invalidated by a state tribunal or federal court.

2.      Dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the

Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an <u>in</u> <u>forma</u> <u>pauperis</u> appeal from an Order and Judgment

dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3)

IT IS SO RECOMMENDED this 23rd day of August, 2011 .

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." <u>See</u> <u>Patton v. Jefferson Correctional Center</u>, 136 F.3d 458, 462-64 (5th Cir. 1998), where the Court held that a complaint construed as stating both habeas and section 1983 claims which was dismissed as frivolous and for failure to exhaust state court remedies, could be considered a "strike" within the meaning of the PLRA.